[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12385
Non-Argument Calendar
_____

D.C. Docket No. 0:00-cr-06353-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERSON LEVINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 7, 2020)

Before MARTIN, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jefferson Levine appeals the district court's denial of his motion to reduce his sentence under Section 404 of the First Step Act.[1]  On appeal, he argues that the district court abused its discretion by denying his motion because it failed to properly consider the 18 U.S.C. § 3553(a) factors and his post-sentencing conduct or to explain how his current sentence was sufficient but not greater than necessary to comply with the purposes of sentencing.

## I.

In 2000, a federal grand jury charged Levine with possession with intent to distribute crack cocaine "in excess of five (5) grams" (Count 1), and possession with intent to distribute crack cocaine "in excess of fifty (50) grams" (Count 2), both in violation of 21 U.S.C. § 841(a)(1).  Levine pled not guilty and proceeded to trial.  A jury found Levine not guilty as to Count 1 but guilty as to Count 2.  The jury did not make a specific finding as to the drug amount for Count 2.

Applying the United States Sentencing Guidelines, the probation office attributed "a total of 109 grams" of crack cocaine to Levine.  Based on that amount, the presentence investigation report ("PSI") calculated Levine's base

---

[1] In 2018, Congress enacted the First Step Act, which granted district courts the discretion to retroactively reduce statutory penalties for "covered offenses" enacted under the Fair Sentencing Act of 2010.  See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); United States v. Jones, 962 F.3d 1290, 1297–98 (11th Cir. 2020).  The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine, changing the quantity of crack cocaine necessary to trigger the 5-year and 10-year mandatory minimum sentences.  See Dorsey v. United States, 567 U.S. 260, 268–70, 132 S. Ct. 2321, 2328–29 (2012).

offense level to be 32 under USSG § 2D1.1(c)(4). The probation office then applied enhancements to raise Levine's offense level to 37 under USSG § 4B1.1(a), because he qualified as a career offender. Next, the probation office placed Levine in criminal history category VI based on 22 criminal history points and his status as a career offender. Finally, the probation office determined that, based on a total offense level of 37 and a criminal history category of VI, his guideline range was 360 months' imprisonment to life imprisonment.

Levine objected to the PSI on various grounds, including that the PSI attributed 109 grams of crack cocaine to him. At sentencing, the district court attributed 97.2 grams of crack cocaine to Levine, setting aside the remaining approximately 11.8 grams. The district court overruled Levine's remaining objections and adopted the guideline range in the PSI. The district court summarized Levine's criminal history and denied his motion for a downward departure, sentencing him to life imprisonment followed by a five-year term of supervised release. In imposing the sentence, the district court found that Levine's criminal history did not overrepresent the seriousness of his criminal offenses. Levine did not object to the sentence the district court imposed, but he did preserve the objections he previously raised.

3

Following the entry of judgment, Levine appealed, but this Court affirmed his conviction and sentence. United States v. Levin[e], 49 F. App'x 287 (11th Cir. 2002) (Table) (unpublished).

In 2016, President Obama commuted Levine's sentence to a term of 327 months, "leaving intact and in effect the five-year term of supervised release." Subsequently, the district court entered an amended judgment reflecting Levine's new sentence of 327 months' imprisonment.

In June 2019, Levine filed a motion to reduce his sentence under the First Step Act. He argued that he was eligible for relief, and requested that the district court impose a sentence of 262 months' imprisonment, followed by four years of supervised release.[2] Levine clarified he was not asking for a downward variance but to have his sentence reduced to the bottom of his newly-applicable guidelines range.

The district court denied Levine's motion to reduce his sentence without requesting a response from the government. The district court recognized that Levine's guideline range would be 262 to 327 months' imprisonment because of his status as a career offender. It also noted that the statutory maximum would be

---

[2] Levine argued he had demonstrated an "intense desire to turn his life around, educate himself, rehabilitate himself, become a better parent, and become a productive member of society." He listed the coursework he had completed while incarcerated, and pointed to the fact that he had "not had even one disciplinary infraction for the past 18 years."

4

40 years' imprisonment. The district court then found that "[n]o relief is due since Levine is serving a high end of the guidelines sentence of 327 months," and noted it "previously sentenced [Levine] at the high end of the guidelines." Levine timely appealed.

## II.

We review <u>de novo</u> whether a district court had the authority to modify a term of imprisonment. <u>United States v. Jones</u>, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. <u>Id.</u> A district court abuses its discretion if it "applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." <u>Diveroli v. United States</u>, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

## III.

First, it should be noted that the parties agree—correctly—that Levine was eligible for a sentence reduction under the First Step Act.[3] Thus, Levine was eligible for a reduction under the First Step Act, and the district court understood it

---

[3] Levine has a "covered offense" because he was sentenced under § 841(b)(1)(A) for distributing 50 or more grams of crack cocaine and the Fair Sentencing Act modified the statutory penalties for that offense. <u>Jones</u>, 962 F.3d at 1302–03.

had the discretion to reduce his sentence under the First Step Act. <u>See</u> R. Doc. 103 at 3.

Rather than his eligibility, Levine's appeal centers around whether the district court abused its discretion under the First Step Act by failing to consider the § 3553(a) factors or explain how Levine's sentence was sufficient but not granter than necessary to comply with the purposes of sentencing. Specifically, he says that the record must "<u>affirmatively show</u> the district court <u>actually considered</u> the factors listed by Congress, and <u>adequately explained</u> its chosen sentence." And in failing to meet this requirement, Levine argues the district court "did not even recite in rote fashion" that it considered any—much less all—§ 3553(a) factors in denying relief. And, because Levine says the district court gave no explanation for choosing a life sentence at his initial sentencing, it "reflexively adopt[ed]" the same sentence in deciding his First Step Act motion. Finally, Levine claims the district court abused its discretion by failing to explain why, "after [he] had served 18 straight years in prison without a single disciplinary incident, . . . a sentence at the bottom of the guideline range . . . would not have been sufficient to satisfy the goals of sentencing."

Although district courts are required to consider the § 3553(a) factors at the initial sentencing, <u>see</u> <u>Chavez-Meza v. United States</u>, 585 U.S. ___, 138 S. Ct. 1959, 1963 (2018), this Court has not required them to consider those factors when

determining whether to reduce a sentence under the First Step Act. See Jones, 962

F.3d at 1304 ("In exercising their discretion, [district courts] may consider all the

relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)."

(emphasis added)). And, even where consideration of the § 3553(a) factors is

mandatory, like at the initial sentencing stage, it is not necessary for the district

court to state on the record that it has explicitly considered each of the § 3553(a)

factors or to discuss each of the § 3553(a) factors. United States v. Kuhlman, 711

F.3d 1321, 1326 (11th Cir. 2013).

In determining whether to further reduce Levine's commuted sentence, it is

evident from the record that the district court considered the § 3553(a) factors. See

United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's

sentence because even though the district court did not discuss each of the

sentencing factors, the record showed that it considered several of them). The

district court recognized that Levine was previously sentenced at the high end of

the guideline range. The previous sentence was based in part upon Levine's

criminal history and career offender status, which had not changed in the years

since Levine was sentenced. The district court also considered the "post-sentence

rehabilitation evidence" Levine presented, "along with the proffered disparate

sentences imposed by other judges." But the district court, like at the initial

sentencing, "again exercise[d] discretion" not to reduce Levine's sentence. Rather,

7

it found that a 327-month sentence was warranted, even if it was on the "high end" of the guideline range. Under this Court's precedent, the district court did not abuse its discretion when it implicitly considered the § 3553(a) factors without "affirmatively show[ing]" that it considered all of them.

Neither did the district court abuse its discretion by failing to give an adequate explanation of the reasons it chose to deny a reduction in Levine's sentence. In Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007), the Supreme Court "upheld the adequacy of a 'sentencing judge's statement of reasons [which] was brief but legally sufficient.'" United States v. Irey, 612 F.3d 1160, 1194–95 (11th Cir. 2010) (en banc) (quoting Rita, 551 U.S. at 358, 127 S. Ct. at 2469). This Court has also recognized that "[n]o member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter." Id. at 1195; see also United States v. Rosales-Bruno, 789 F.3d 1249, 1265 (11th Cir. 2015) (holding that explicit comparison of details "far exceeds the level of explanation we require of district courts exercising their sentencing discretion"). Thus our precedent imposes no requirement on the district court to explain why, "after [Levine] had served 18 straight years in prison without a single disciplinary incident, . . . a sentence at the bottom of the guideline range . . . would not have been sufficient to satisfy the goals of sentencing."

8

**AFFIRMED.**